LETTY FIGUEROA RODRÍGUEZ, Plaintiff and Appellee, v. RAMÓN FELICIANO RAMOS and GASPAR BERIO, Defendants and Appellants.

No. R-68-318.     Decided December 31, 1969.

*Rafael G. Vidal Roig* for Gaspar Berio. *Mario A. Rodríguez* for appellee.

PER CURIAM: On account of a collision between appellee's Mustang vehicle, driven by her, and a Chevrolet (beige) pickup, at a curve located at kilometer 6.3 of Highway No. 162 in the ward Barrio Nuevo of the municipality of Naranjito, appellee suffered injuries and loss of earnings, for which she filed a claim for damages against appellants Feliciano Ramos and Gaspar Berio. Appellants denied the facts concerning the accident. They admitted that Ramón Feliciano Ramos was appellant Gaspar Berio's agent and employee, but they denied that he had such accident since he was, together with appellant Berio, attending to matters connected with his work, but not in the town of Naranjito.

The trial court concluded that the accident was due to the negligence of the driver of the said Chevrolet vehicle,

property of appellant Gaspar Berio, driven at that time by his agent in the exercise of his duties as such, David Fuentes, and punished Berio to pay certain damages suffered by appellee, amounting to $3,731, plus $300 for attorney's fees. Feliciano Ramos was relieved from liability. This determination should prevail.

Appellant, Gaspar Berio, alleges that the trial court erred (1) in not dismissing the complaint against appellant once it was dismissed against Ramón Feliciano Ramos; and (2) in erroneously applying the doctrine of the corporate veil and holding appellant liable for actions of a corporation and its agents.

In support of said assignments, appellant argues that the trial court dismissed the complaint against Ramón Feliciano Ramos in open court, since the latter was not driving the Chevrolet vehicle at the time of the accident, but was driving the described vehicle in another distant town; that the evidence only showed that David Fuentes was an employee of Gaspar Berio, Inc.; that he had traveled by the scene of the accident driving a similar vehicle property of said corporation; that the evidence did not show that Fuentes was the person who caused the accident in question, and that in any event, appellant cannot be held liable for the acts of a third person who was the agent and employee of a corporation, and not of appellant; that no evidence as to who were the shareholders of said corporation was introduced establishing that the same was "an alter ego or passive economic conduct or instrument of appellant."

Let us see the evidence relative to the identification of (1) the person who caused the accident in question; (2) the vehicle which the latter was driving at the time of the accident; (3) the owner of said vehicle; and (4) the relation existing between said driver and the owner of the vehicle when the accident occurred.

Melba Flores testified that she knew appellee; that the day of the accident she was driving her vehicle along Highway No. 162, behind a 1965 beige Chevrolet pickup which was traveling at about 35 to 40 miles per hour, from Naranjito to Bayamón, when at kilometer 3.3 it hit a vehicle which was coming in the opposite direction, driven by appellee. As the pickup kept going on, at appellee's request the witness continued following him but was not able to overtake him. She testified that "from a distance we could see the license plate . . . 118-761; the other girl who was with me immediately wrote it down . . ."; that she saw the driver of the Chevrolet when she overtook him, identifying him as Ramón Feliciano Ramos. On cross-examination she admitted that in her statement about the case at the District Court of Comerío, she said that she was not able to see the person who was driving the Chevrolet pickup; that this vehicle was open in the back with a sign that said *"Billares"* and not "Nicherber." On redirect examination she testified that in the steps taken in company of appellee, they found the Chevrolet vehicle in question at appellant's house with marks of paint on the left side. On cross-examination she testified that when they talked with the owner of the Nicherbers (Berio's competitor in the selling of pool tables) and showed him the number of the license plate, he said that that license plate was not of his vehicle; that the same belonged to one of Berio's vehicles; that the sign in back of the vehicle when the accident occurred said *"Billares,"* but that when they went to appellant's house she noticed that the sign said "Superberher"; that they went to see the Nicherbers before going to appellant's house.

Víctor Ortiz Bonilla, a collector of a business firm owned by appellee's brother, testified that on the day of the accident he was going in an automobile behind appellee. He witnessed the collision when the Chevrolet swerved towards the lane along which appellee's vehicle was traveling. After taking

care of the latter they turned to "follow the pickup which had a sign that said Billares Superberher," driven by Ramón Feliciano Ramos "because he was the man with the wine colored shirt."

Ramón Feliciano Ramos testified that he was driving a pickup "panel delivery of Gaspar Berio, Inc., Billares Superberher firm"; that he was engaged in delivering pool tables "and to collect the money of the ones he picked up"; that on the door of the pickup "a pool table" is painted, "then it says Superberher . . ."; that on the tail of the box, "in some it says *Servicio* and others *Billares*' . . . on the back door of the pickup"; that when he was returning after office hours, he took the vehicle to appellant's house; he did so on the day of the accident; that on the day of the accident he returned along the Military Highway as "he was coming from Arecibo towards here"; that he came through Hermanas Dávila and entered by the left side of Berio's house; that on that day he went to Sabana Grande, Adjuntas, Arecibo, Barceloneta, and Florida, a ward of Barceloneta; that he did not stop in Naranjito; that the names of the clients whom he visited appear with their signatures on the "receipts of debit of the persons." He was paid by the manager of Gaspar Berio, Inc., Julio Pérez. Asked by the trial judge whether Julio Pérez was the manager of Gaspar Berio, Inc., he answered: "Gaspar Berio, Inc. is not Inc., only Gaspar Berio."

At plaintiff's request, Gaspar Berio testified also. He said that he manufactured Superberher pool tables; that Feliciano Ramos worked for him as a driver; he described the signs of his vehicles in the same manner as the previous witness. When asked if on the day of the accident he had a Chevrolet vehicle, '65 model, license plate 118-761, he answered that "Chevrolet I have, I do not know the license plate." Insofar as the model is concerned, he said that he has some from the years '64, '65, and '66; that appellee went to

his house the afternoon of the accident and "asked for me, and the pickup was already there . . . the beige '65 Chevrolet . . . we checked the pickups and none appeared with imperfections, no collision"; that he told appellee to go the following day to the office to check all the pickups one by one; that those vehicles have always been insured; that Feliciano worked for Gaspar Berio, Inc.; that when appellee arrived at his house she did not show him any license plate. Faced with witness Melba Flores, he said that it was possible that she accompanied appellee to his house, but that he did not remember whether she had a paper with a license plate corresponding to one of his pickups.

When witness Berio answered that Feliciano worked for Gaspar Berio, Inc., his counsel informed the court that "What happens is that defendant [Feliciano Ramos] works in two capacities; he works for Berio Distributors, which is nothing else but defendant [Gaspar Berio], and he works for the corporation."

Appellee testified that she did not see who was driving the pickup, but that "I know that it was one person only, and he was wearing a blue shirt"; that first they went to the house of Nicasio Hernández (producer of Nicherber pool tables), who told them that the pickup belonged to Gaspar Berio. Then they went to the latter's house and there they found the beige pickup, "the same of the accident . . . that it was still warm"; that Berio told her "if it is it, or one of mine, come tomorrow to the office"; that the pickup "had all my car's paint." She went to Berio's office on the following day and said that "I come to investigate one of Berio's drivers who was traveling around Naranjito and collided with my car"; that Berio's secretary told her that he did not know him because he had been working there for only three days and did not know whom he was. On Melba Flores' urging, appellee went away.

Appellant introduced as one of his witnesses, Julio Pérez, who said he was the manager of Gaspar Berio, Inc.; that on the day of the accident Feliciano Ramos worked as Gaspar Berio's driver; that among his duties, "He collected money around the island"; that on the day of the accident Feliciano Ramos was on the route of Utuado, Adjuntas, Florida, and Sabana Grande; that on the following day he gave him the documents and money of the previous day. He identified some invoices of the day of the accident signed by Feliciano Ramos and by clients located at the Ward Fogones in Florida, in Sabana Grande, Arecibo, Adjuntas, and Utuado, and they were presented. They were invoices of Berio Distributors which, according to appellant's counsel "is nothing else" but Gaspar Berio himself, and not the corporation Gaspar Berio, Inc. Julio Pérez testified that on the route of Naranjito there was another driver called Víctor David Fuentes, who was also a collector and who drove a 1963 yellow Chevrolet pickup. An invoice of the day of the accident, signed by Fuentes in the name of Berio Distributors, and by a client in Naranjito, was introduced; that Fuentes was an employee of Gaspar Berio; that the pickup which he drove on the day of the accident was a beige 1963 Chevrolet model; that there is also a '65 yellow pickup.

At the close of the hearing the trial court said that: "A strong indication appears herein that one of defendant's vehicles was the one that caused the accident . . . I believe that it is duly established that the accident was produced by a Chevrolet vehicle belonging to the defendant, Gaspar Berio . . . the evidence that Feliciano was on a different route which did not include Naranjito . . . relieves him from liability . . . it may be inferred from the evidence that the accident was with Gaspar Berio's automobile and driven by David Fuentes, who was the one on the route precisely on the 29th. . . ."

We conclude that the evidence presented supports such findings. There was evidence that Feliciano Ramos, Berio's employee, did not go by the scene of the accident the day on which it occurred and, therefore, he could not be held liable. But the evidence showed that (1) a Chevrolet pickup vehicle belonging to, or in business transactions of, Gaspar Berio Distributors, "which is nothing else but Gaspar Berio," collided with appellee's vehicle and caused damages to the same and injuries to appellee; (2) that the accident was due to the Chevrolet driver's negligence; and (3) that David Fuentes, Berio's employee, was driving a Chevrolet pickup the day of the accident along the route where said accident occurred and was doing so while attending to Berio's business matters at Naranjito, similar to the ones performed in other towns by Feliciano that day.

By virtue thereof, the judgment rendered in this case by the Superior Court, Bayamón Part, on August 27, 1968, will be affirmed.

Mr. Chief Justice did not participate herein.